# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8910 | **DATE** | 7/16/2013 |
| **CASE TITLE** | Cynthia Dyson vs. Verizon Wireless Corporation | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies defendant's motion for summary judgment [52], and because the Court did not rely on the testimony that is the subject of the motions, strikes as moot the parties' motions in limine [56 & 59].

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff alleges that defendant subjected her to a hostile work environment based on her age, disability, religion and race in violation of the Age Discrimination in Employment Act, the Americans with Disabilities Act and Title VII. Defendant contends that plaintiff released all of these claims and moves for summary judgment under Federal Rule of Civil Procedure 56.

### Discussion

    To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

    Employees may release their claims under the federal employment discrimination statutes, if "their consent to a release is both knowing and voluntary." *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562, 570 (7th Cir. 1995). To determine whether that is true, the Court considers a number of factors including:

> (1) the employee's education and business experience; (2) the employee's input in negotiating the terms of the settlement; (3) the clarity of the agreement; (4) the amount of time the employee had for deliberation before signing the release; (5) whether the employee actually read the release and considered its terms before signing it; (6) whether the employee was represented by counsel or consulted with an attorney; (7) whether the consideration given in exchange for the waiver exceeded the benefits to which the employee was already entitled by contract or law; and (8) whether the employee's release was induced by improper conduct on the defendant's part.

**STATEMENT**

*Id.* at 571.  Plaintiff has the burden of producing evidence concerning these factors that casts doubt on the release's validity.  *Pierce v. Atchison Topeka & Santa Fe Ry. Co.*, 110 F.3d 431, 437-38 (7th Cir. 1997) ("*Pierce II*").  If she does so, defendant bears the burden of proving that the release is valid.  *Id.* at 438; *see* 29 U.S.C. § 626(f) (codifying the analysis of set forth in *Pierce II* for ADEA claims).

Viewed favorably to plaintiff, the record suggests that she started working for defendant in February 2001, and in November 2004 was promoted to a position in which she reported to Sirena Williams.  From November 2004 to June 2007, Williams subjected plaintiff to a constant barrage of insults and even physical assaults because of plaintiff's age, race, religion and disability.  On June 26, 2007, plaintiff went on medical leave for Post-Traumatic Stress Disorder ("PTSD") that was caused or exacerbated by Williams' harassment.  In September 2007, plaintiff's counsel filed an EEOC charge on her behalf against defendant.  On December 24, 2007, defendant terminated plaintiff's employment.  From January 2008 to March 2008, various members of defendant's legal and human resources departments contacted plaintiff, rather than her lawyer, sent her a release of claims and told her she had to sign it to receive a payout from defendant's long-term incentive ("LTI") plan.  After repeatedly telling these people that she could not read or sign anything, on March 14, 2013, plaintiff crossed out the provisions of the release, added marginalia like, "Defendant forced me to sign this form" and "I did not read form," signed it and faxed it to defendant.  Shortly after, defendant sent plaintiff another copy of the release and said she had to sign it unaltered to receive the LTI payout.  Though plaintiff does not remember signing it, on March 31, 2008, defendant received a signed release from her.  From June 2007 to the present, plaintiff has not worked, has been lucid only intermittently, has had recurring nightmares in which Williams is choking or stabbing her, has "seen" Williams in her house or lurking outside of it, has "heard" Williams calling her derogatory names and has had periods of disassociation, in which she perceives events through a fog or as if in a dream.  Because defendant denies virtually all of the evidence plaintiff offers, this case is particularly unsuitable for summary judgment.